Mathew K. Higbee, Esq. SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>HB USA HOLDINGS, INC d/b/a HUDA BEAUTY; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 23-cv-02158<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

6. Defendant HB USA Holdings d/b/a Huda Beauty ("Defendant") is a Delaware corporation with a principal place of business in Culver City, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams*

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

10. Williams' work has been featured in top publication such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim,* and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

11. Williams is the sole creator and exclusive rights holder to a beauty photograph of model Veridiana (the "Veridiana Image").

12. Williams has registered the Veridiana Image with the United States Copyright Office under registration number VA 2-130-596.

13. Williams is the sole creator and exclusive rights holder to a beauty photograph of model Kiana Alexis (the "Kiana Image")

14. Williams has registered the Kiana Image with the United States Copyright Office under registration VA 2-116-920.

15. Williams is the sole creator and exclusive rights holder to a beauty photograph of model Ming Savannah Nembhard (the "Ming Image").

16. Williams has registered the Ming Image with the United States Copyright Office under registration VA 2-116-904.

17. Williams is the sole creator and exclusive rights holder to a beauty photograph of model Elizabeth Sawartsky (the "Elizabeth Image").

18. Williams has registered the Elizabeth Image with the United States Copyright Office under registration VA 2-116-917.

19. The Veridiana Image, Kiana Image, Ming Image, and Elizabeth Image will be collectively referred to as the "Beauty Photographs".

20. Attached hereto as Exhibit A are true and correct copies of the Beauty Photographs.

***Defendant HB USA Holdings, Inc d/b/a Huda Beauty.***

21. According to its website, Defendant HB USA Holdings, Inc d/b/a Huda Beauty ("Huda") is "the world's fastest-growing beauty brands" with the "number 1 Beauty Instagram account in the world". *See*

https://hudabeauty.com/us/en_US/aboutus.html.

22. Huda sells their cosmetics and other beauty items online via its website as well as online at Sephora Cosmetics and in Sephora Cosmetics brick-and-mortar stores. *See* https://www.sephora.com/search?keyword=HUDA.

23. Defendant runs and operates the @hudabeauty Instagram page ("Defendant's Instagram"). *See* https://www.instagram.com/hudabeauty.

24. Defendant's Instagram has over fifty million followers. *Id.*

### *Defendant's Infringing Conduct*

25. On or about February 4, 2023, Williams discovered her Beauty Photographs in a single post on Defendant's Instagram (the "Infringing Post"), which has accumulated over 143,000 likes.

26. A true and correct screenshot of the Beauty Photographs being displayed with the Infringing Post is attached hereto as Exhibit B.

27. Williams does not have record of the Beauty Photographs being licensed to Defendant nor had Williams granted permission for Defendant to make copies or publically display the Beauty Photographs on Defendant's Instagram with the Infringing Post.

28. On information and belief, Defendant's use of the Beauty Photographs was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photographs.

### CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photographs.

30. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Beauty Photographs in

violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photographs of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

31. Specifically, Defendant made unauthorized copies and then publically displayed the Beauty Photographs with the Infringing Post on Defendant's Instagram.

32. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 if willful or up to $30,000 if unintentional pursuant to 17 U.S.C. § 504(c).

33. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: March 22, 23 | Respectfully submitted, |
| 2 | | **/s/ Mathew K. Higbee** |
| 3 | | Mathew K. Higbee, Esq.<br>Cal. Bar No. 241380 |
| 4 | | **HIGBEE & ASSOCIATES**<br>1504 Brookhollow Dr., Ste 112 |
| 5 | | Santa Ana, CA 92705-5418<br>(714) 617-8373 |
| 6 | | (714) 597-6559 facsimile<br>*Counsel for Plaintiff* |

## DEMAND FOR JURY TRIAL

Plaintiff, Tamara Williams hereby demands a trial by jury in the above matter.

Dated: March 22, 23

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

7
**COMPLAINT**